```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


KERRI-ANN SANDERSON, as Personal
Representative of the Estate of
Andre Sanderson and on behalf of
AKS, minor, and OSWALD SANDERSON,
and PAULETTE SANDERSON, parents of
the decedent,

                        Plaintiffs,


vs.                                     Case No.   2:07-cv-828-FtM-29DNF


SPX COOLING TECHNOLOGIES, INC. f/k/a
MARLEY COOLING TECHNOLOGIES, INC.
f/k/a CERAMIC COOLING TOWER
CORPORATION, a foreign corporation;
BLACK & VEATCH CORPORATION, a
foreign corporation; CERAMIC COOLING
TOWER CORPORATION, a foreign
corporation; MARLEY COOLING
TECHNOLOGIES f/k/a CERAMIC COOLING
TOWER CORPORATION, a foreign
corporation; BBCT CORPORATION f/k/a
CERAMIC COOLING TOWER CORPORATION, a
foreign corporation; BDT ENGINEERING
CORPORATION, a foreign corporation;
BALCKE DURR, INC., a foreign
corporation; BBF, INC. f/k/a BALCKE
DURR, INC., a foreign corporation;
BB CONS, INC. f/k/a BALCKE DURR,
INC., a foreign corporation; and
BABCOCK POWER, INC. f/k/a BABCOCK
BURSIG AG f/k/a BALCKE DURR, INC., a
foreign corporation,

                        Defendants.
_____

SPX COOLING TECHNOLOGIES, INC.,

        Crossclaim-Plaintiff,
v.
```

CERAMIC COOLING TOWER CORPORATION,
BALCKE DURR, INC., BBF, INC. f/k/a
BALCKE DURR, INC., BB CONS, INC.,
f/k/a BALCKE DURR, INC., BABCOCK
POWER, INC., f/k/a BABCOCK BORSIG
AG,

    Crossclaim-Defendants,
_____

SPX COOLING TECHNOLOGIES, INC., a
foreign corporation, f/k/a MARLEY
COOLING TECHNOLOGIES, INC.,

    Third-party Plaintiff,
v.

BDCP HOLDING CORPORATION, a foreign
corporation, BALCKE DURR
CONSOLIDATED, INC. n/k/a BB CONS,
INC., a foreign corporation, and BD
AIR FIN, INC. n/k/a AIR FIN, INC., a
dissolved foreign corporation,

    Third-party Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendant SPX Cooling Technologies, Inc.'s Motion for Final Summary Judgment of Dismissal and Incorporated Memorandum of Law (Doc. #177) filed on June 25, 2009. Plaintiff filed a Response (Doc. #184) on July 30, 2009. Defendant SPX Cooling filed a Reply (Doc. #195) on September 8, 2009.

**I.**

    The Court previously summarized the case as follows: "The First Amended Complaint alleges that on February 14, 2006, Andre

Sanderson, in furtherance of his employment at the Florida Power & Light facility in Fort Myers, Florida, climbed a stair tower utilized for access to an adjoining cooling tower. On the way down, Mr. Sanderson and a co-worker stepped from the top platform onto the top set of stairs, and the four brackets connecting the top set of stairs then gave way and the stairs fell onto the set of stairs underneath. Both men fell to a landing approximately 20-28 feet below, and Mr. Sanderson died as a result of the fall." (Doc. #147, pp. 3-4.)

Sanderson's estate sued thirteen (13) corporations, including SPX Cooling Technologies, Inc. (SPX Cooling), that it alleges were involved in the design, manufacture, construction, assembly, inspection and/or sale of the stair tower. As it relates to SPX Cooling, the First Amended Complaint sets forth claims of negligence (Count I), breach of express warranty (Count II), and products liability regarding alleged manufacturing and design defects (Count III).

In its summary judgment motion, SPX Cooling argues that it is a successor corporation which was not involved in any way with the design, manufacture, construction, assembly, inspection and/or sale of stair tower at issue. (Doc. #177, ¶¶ 4-6.) SPX Cooling asserts that Ceramic Cooling Tower Corporation (Ceramic) performed work on the stair tower at issue, and at the time of the construction Ceramic was a subsidiary of BDCP Holding Corporation (BDCP Holding). (Id. at ¶¶ 3-4.) On, or about, July 30, 2002, approximately

eighteen months after the stair tower construction was completed, SPX Cooling and BDCP Holding executed an Acquisition Agreement by which SPX Cooling acquired the assets and certain liabilities of Ceramic. (Id. at ¶ 4-7.) SPX Cooling argues that the Acquisition Agreement specifically excluded any liabilities at issue in this case, and under Florida's traditional corporate law rule it should not be held liable for Ceramic's conduct.

Plaintiff responds that the Acquisition Agreement does not exclude the theories of liability put forth in this case. (Doc. #184, p. 4.) Additionally, plaintiff argues that there is a question of fact as to whether an exception to successor liability applies. (Id. at p. 10.)

The Court's analysis differs from that of either party. For the reasons set forth below, the motion will be denied.

## II.

Since federal jurisdiction in this case is premised upon diversity of citizenship, the Court must apply the substantive law of the forum state, in this case, Florida. See Burger King Corp. v. E-Z Eating, 572 F.3d 1306, 1313 n.9 (11th Cir. 2009). Both parties agree with this proposition. (See Docs. # 177, 184 (both parties rely on Florida law)). The Acquisition Agreement at issue contains a choice-of-law provision providing that the laws of Germany will govern the agreement. (Doc. #35-2, ¶ 14.13.) "Florida courts are required to enforce choice of law provisions in contracts

unless the law of the foreign state contravenes the strong public policy of Florida or is unjust or unreasonable." Default Proof Credit Card Sys., Inc. v. Friedland, 992 So. 2d 442, 444 (Fla. 3rd DCA 2008)(citing Mazzoni Farms, Inc. v. E.I. DuPont de Nemours & Co., 761 So. 2d 306, 311 (Fla. 2000)). Neither party has discussed successor liability under German law, and there has been no showing that German law would violate the strong public policy of Florida. Since the moving party has not addressed the controlling German substantive law, it has not shown a basis for the issuance of summary judgment.

Accordingly, it is now

**ORDERED:**

Defendant SPX Cooling Technologies, Inc.'s Motion for Final Summary Judgment of Dismissal and Incorporated Memorandum of Law (Doc. #177) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___15th___ day of March, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record