UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KERRI-ANN SANDERSON, as Personal Representative of the Estate of Andre Sanderson and on behalf of AKS, minor, and OSWALD SANDERSON, and PAULETTE SANDERSON, parents of the decedent,

     Plaintiffs,

vs.          Case No. 2:07-cv-828-FtM-29DNF

SPX COOLING TECHNOLOGIES, INC. f/k/a MARLEY COOLING TECHNOLOGIES, INC. f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BLACK & VEATCH CORPORATION, a foreign corporation; CERAMIC COOLING TOWER CORPORATION, a foreign corporation; MARLEY COOLING TECHNOLOGIES f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BBCT CORPORATION f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BDT ENGINEERING CORPORATION, a foreign corporation; BALCKE DURR, INC., a foreign corporation; BBF, INC. f/k/a BALCKE DURR, INC., a foreign corporation; BB CONS, INC. f/k/a BALCKE DURR, INC., a foreign corporation; and BABCOCK POWER, INC. f/k/a BABCOCK BURSIG AG f/k/a BALCKE DURR, INC., a foreign corporation,

     Defendants.
_____

SPX COOLING TECHNOLOGIES, INC.,

  Crossclaim-Plaintiff,
v.

CERAMIC COOLING TOWER CORPORATION, BALCKE DURR, INC., BBF, INC. f/k/a BALCKE DURR, INC., BB CONS, INC., f/k/a BALCKE DURR, INC., BABCOCK

POWER, INC., f/k/a BABCOCK BORSIG AG,

    Crossclaim-Defendants,
_____

SPX COOLING TECHNOLOGIES, INC., a foreign corporation, f/k/a MARLEY COOLING TECHNOLOGIES, INC.,

    Third-party Plaintiff,

v.

BDCP HOLDING CORPORATION, a foreign corporation, BALCKE DURR CONSOLIDATED, INC. n/k/a BB CONS, INC., a foreign corporation, and BD AIR FIN, INC. n/k/a AIR FIN, INC., a dissolved foreign corporation,

    Third-party Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Crossclaim-Defendant Babcock Power, Inc's Motion to Dismiss and Memorandum of Law (Doc. #217) filed on October 27, 2009. SPX Cooling has not filed a Response, and the time to do so has passed.

### I.

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Christopher v. Harbury, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief,

-2-

raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." James River Ins. Co. v. Ground Down Eng'g, Inc., 540 F.3d 1270, 1274 (11th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). The former rule--that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle them to relief," La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004)--has been retired by Twombly. James River Ins. Co., 540 F.3d at 1274. Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The Court need not accept as true legal conclusions or mere conclusory statements. Id. The Court may consider documents which are central to plaintiff's claim whose authenticity is not challenged, whether the document is physically attached to the complaint or not, without converting the motion into one for summary judgment. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005); Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005). If such a document contradicts the general and conclusory allegations in the complaint, the document governs. Crenshaw v. Lister, 556 F.3d 1283, 1292 (11th Cir. 2009).

**II.**

The facts of the underlying claim need not be fully repeated herein, however, in summary, on or about February 14, 2006, Andre Sanderson, in furtherance of his employment at the Florida Power & Light facility in Fort Myers, Florida, climbed a stair tower utilized for access to an adjoining cooling tower. On the way down, Mr. Sanderson and a co-worker stepped from the top platform onto the top set of stairs, and the four brackets connecting the top set of stairs then gave way and the stairs fell onto the set of stairs underneath. Both men fell to a landing approximately 20-28 feet below, and Mr. Sanderson died as a result of the fall. (Doc. #147, pp. 3-4.) Kerri-Ann Sanderson, as personal representative of Mr. Sanderson's estate, filed a First Amended Complaint (Doc. #27) on February 14, 2008. The First Amended Complaint sets forth claims of negligence (Count I), breach of express warranty (Count II), and products liability (Count III) against SPX Cooling Technologies, Inc. (SPX Cooling) as well as several other defendants.

Subsequently, SPX Cooling filed a Cross-Claim (Doc. #35, pp. 46-49) against five corporate Cross-Claim Defendants, including Babcock Power, Inc. (Babcock Power). The Cross-Claim is based on a July 30, 2002 Acquisition Agreement between SPX Cooling and BDCP

Holding Corporation.[1] SPX Cooling alleges that, pursuant to the Acquisition Agreement, the Cross-Claim Defendants retained liability for all personal and bodily injury and product liability claims relating to the products and services provided prior to the date of the agreement, and had agreed to defend and indemnify SPX Cooling for any such claims. Further, the Cross-Claim alleges, on information and belief, that in July 2001 the Cross-Claim Defendants designed, manufactured, assembled and/or placed into service the stair tower alleged by plaintiffs to have caused the wrongful death of Mr. Sanderson. Thus, SPX Cooling asserts that the Cross-Claim Defendants breached the Acquisition Agreement by refusing to defend and indemnify it against plaintiffs' claims in the wrongful death litigation.

Three of the Cross-Claim Defendants, BBF, Inc. f/k/a Balcke Durr, Inc., BBCT Corporation f/k/a Ceramic Cooling Tower Corporation, and BB Cons, Inc. f/k/a Balcke Durr Construction filed a motion to dismiss (Doc. #87) on May 27, 2008. The three Cross-Claim Defendants sought to dismiss the Cross-Claim because they were not parties to the Acquisition Agreement. Rather, they

---

[1] BDCP Holding Corporation served as a holding company for a number of companies, including the Cross-Claim Defendants, each of which was a wholly-owned subsidiary of BDCP Holding Corporation. On or about July 30, 2002, BDCP Holding Corporation sold all common stock of certain of its wholly-owned subsidiaries and selected assets of other wholly-owned subsidiaries for $55 million to SPX Corporation pursuant to a lengthy Acquisition Agreement (Doc. #35-2).

asserted, that the Acquisition Agreement was between SPX Corporation and BDCP Holding Corporation. (Id.) In a February 19, 2009 Opinion and Order (Doc. #147), the Court granted their Motion to Dismiss, rejecting SPX Cooling's argument that the Selling Subsidiaries fell within the meaning of "Seller" as used in the Acquisition Agreement. (Id. at pp. 6-8.) Since the Selling Subsidiaries are not "Sellers", the Court reasoned, they were not parties to the Acquisition Agreement and thus, owed no duty to defend and indemnify SPX Cooling. (Id.)

On October 13, 2009 SPX Cooling filed an Amended Answer, Affirmative Defenses and Demand for Jury Trial to Plaintiff's First Amended Complaint. (Doc. #204.) In its Amended Answer, SPX Cooling reasserted the Cross-Claim against the Cross-Claim Defendants including Babcock Power. (Id. at p. 48.) SPX's allegations in the Cross-Claim are identical to the one originally asserted. (Compare Id. at 48-51, with Doc. #35, pp. 46-49.) Babcock Power seeks to dismiss the Cross-Claim on the same grounds as the other Cross-Claim Defendants; that it is not a party to the Acquisition Agreement, therefore it owes no duty to indemnify SPX Cooling.

As stated in the February 19, 2009 Opinion and Order (Doc. #147), the Acquisition Agreement provides that "[t]he Seller" shall indemnify and hold harmless the Purchaser and Purchaser's Affiliates from certain claims. (Id. at 6.) "Seller" and

"Purchaser" are defined terms under the Acquisition Agreement. (Id.) The Introduction of the Acquisition Agreement defines the "Seller" as "BDCP Holding Corporation, a Delaware corporation" and defines "Purchaser" as "SPX Corporation, a Delaware Corporation" (Id.) As the Court previously held, none of the Cross-Claim Defendants are "Sellers" pursuant to the Acquisition Agreement. (Id. at 6-8.) Since Babcock Power is not defined as a "Seller", the Acquisition Agreement does not provide for it to indemnify SPX. Therefore, the motion to dismiss will be granted.

Accordingly, it is now

**ORDERED**:

Crossclaim-Defendant Babcock Power, Inc's Motion to Dismiss and Memorandum of Law (Doc. #217) is **GRANTED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __10th__ day of August, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record