```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                      FORT MYERS DIVISION
```

KERRI-ANN SANDERSON, as Personal Representative of the Estate of Andre Sanderson and on behalf of AKS, minor, and OSWALD SANDERSON, and PAULETTE SANDERSON, parents of the decedent,

              Plaintiffs,

vs.                     Case No.   2:07-cv-828-FtM-29DNF

SPX COOLING TECHNOLOGIES, INC. f/k/a MARLEY COOLING TECHNOLOGIES, INC. f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BLACK & VEATCH CORPORATION, a foreign corporation; CERAMIC COOLING TOWER CORPORATION, a foreign corporation; MARLEY COOLING TECHNOLOGIES f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BBCT CORPORATION f/k/a CERAMIC COOLING TOWER CORPORATION, a foreign corporation; BDT ENGINEERING CORPORATION, a foreign corporation; BALCKE DURR, INC., a foreign corporation; BBF, INC. f/k/a BALCKE DURR, INC., a foreign corporation; BB CONS, INC. f/k/a BALCKE DURR, INC., a foreign corporation; and BABCOCK POWER, INC. f/k/a BABCOCK BURSIG AG f/k/a BALCKE DURR, INC., a foreign corporation,

              Defendants.
_____

SPX COOLING TECHNOLOGIES, INC.,

      Crossclaim-Plaintiff,
v.

CERAMIC COOLING TOWER CORPORATION, BALCKE DURR, INC., BBF, INC. f/k/a BALCKE DURR, INC., BB CONS, INC., f/k/a BALCKE DURR, INC., BABCOCK

POWER, INC., f/k/a BABCOCK BORSIG AG,

    Crossclaim-Defendants,
_____

SPX COOLING TECHNOLOGIES, INC., a foreign corporation, f/k/a MARLEY COOLING TECHNOLOGIES, INC.,

    Third-party Plaintiff,

v.

BDCP HOLDING CORPORATION, a foreign corporation, BALCKE DURR CONSOLIDATED, INC. n/k/a BB CONS, INC., a foreign corporation, and BD AIR FIN, INC. n/k/a AIR FIN, INC., a dissolved foreign corporation,

    Third-party Defendant.
_____

## OPINION AND ORDER

This matter comes before the Court on Defendant Babcock Power, Inc's Motion for Summary Judgment and Memorandum of Law (Doc. #219) filed on October 29, 2009. Plaintiffs filed a Statement of Undisputed Facts (Doc. #254), a Response (Doc. #255), and a Supplement to their Statement of Undisputed Material General Facts (Doc. #256) on January 15, 2010. After leave was granted, Defendant Babcock Power filed a Reply (Doc. #261) on February 5, 2010.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact

and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, 344 F.3d 1161, 1164 (11th Cir. 2003). The Court does

not, however, weigh conflicting evidence or make credibility determinations. Hilburn, 181 F.3d at 1225. "If the record presents factual issues, the court must not decide them; it must deny the motion and proceed to trial." Tullius v. Albright, 240 F.3d 1317, 1320 (11th Cir. 2001)(citing Clemons v. Dougherty County, 684 F.2d 1365, 1369 (11th Cir. 1982)). Conclusory allegations based on subjective beliefs, however, are insufficient to create a genuine issue of material fact. Leigh v. Warner Bros., Inc., 212 F.3d 1210, 1217 (11th Cir. 2000).

**II.**

The Court previously summarized the case as follows: "The First Amended Complaint alleges that on February 14, 2006, Andre Sanderson, in furtherance of his employment at the Florida Power & Light facility in Fort Myers, Florida, climbed a stair tower utilized for access to an adjoining cooling tower. On the way down, Mr. Sanderson and a co-worker stepped from the top platform onto the top set of stairs, and the four brackets connecting the top set of stairs then gave way and the stairs fell onto the set of stairs underneath. Both men fell to a landing approximately 20-28 feet below, and Mr. Sanderson died as a result of the fall." (Doc. #147, pp. 3-4.)

Sanderson's estate sued thirteen (13) corporations, including Babcock Power, Inc. (Babcock Power), that it alleges were involved in the design, manufacture, construction, assembly, inspection

and/or sale of the stair tower. Plaintiffs allege that Babcock Power prepared the structural plans and specifications and selected component parts for the stair tower at issue. (Doc. #27, ¶¶ 85-88.) Count XXVII alleges that Babcock Power negligently prepared those structural plans and specifications, which lead to the negligently installed stair supports creating a latent dangerous condition. (Id. at ¶¶ 271-272.) Further, plaintiffs allege that Defendant Babcock Power failed to correct or warn of the dangerous condition, as well as failed to inspect and discover the defects in the stairway at issue. (Id. at ¶¶ 275-278.)

In its motion for summary judgment, Babcock Power asserts, citing its Responses to Plaintiffs' Interrogatories, that it "did not plan, design, assemble, manufacture, construct, market, install or sell the subject staircase or any of its component parts." (Doc. #219, p. 4.) Defendant Babcock Power argues that since it did not plan, design, assemble, manufacture, construct, market, install or sell the staircase, it had no duty to plaintiffs, and thus, the negligence claim must fail as a matter of law. (Id. at pp. 5-6.) Additionally, in Babcock Power's Reply Memorandum, it argues that plaintiffs' Response is grounded on a factually inaccurate understanding of the corporate history and structure of Babcock Power, and even if plaintiffs' allegations were true, they failed to create a genuine issue of material fact. (Doc. #261.)

In their Response, plaintiffs do not argue that Babcock Power had a direct role in the construction of the stair tower at issue, but rather that Babcock Power is indirectly liable for the suit. Plaintiffs assert that Babcock Power's wholly owned subsidiary, BDT Engineering Corporation (BDT), negligently designed, manufactured, assembled and placed into service the stair tower at issue, as well as breached certain warranties with respect to the stair tower. (Doc. #256, ¶ 6.) Plaintiffs also allege that Babcock Power operates under a trade name in the United States, specifically BDT, and as such may be directly involved with the subject matter of the suit. (Id. at ¶¶ 8-9.) The Court will address each of plaintiffs' assertions in turn.

### III.

It is undisputed that Defendant Babcock Power did not exist as a corporate entity during, or prior to, the construction of the stair tower at issue. (Doc. #261, pp. 4, 15.) The corporation now known as Babcock Power was originally incorporated on October 2, 2002. (Id. at 10, 15.) The stair tower at issue was constructed between July 2000 and January 2001. (Doc. #256, ¶ 3.) Thus, it would have been impossible for Babcock Power to have prepared the structural plans and specifications and selected component parts for the stair tower at issue.

Plaintiffs assert that Babcock Power may be liable because either BDT is its wholly owned subsidiary, or BDT is its trade

name, and thus it is liable for BDT's participation in the design, manufacture, assembly and placement into service of the stair tower at issue. As evidence, plaintiffs attach an email from the president of another defendant, BBF Inc., f/k/a/ Balcke Durr Inc. and BBcons, Inc., that states, "BDT Engineering to my knowledge was the trade name for the Babcock Borsig Power engineering business in the USA." (Doc. #256, p. 5.) Babcock Borsig Power is a separate entity from Babcock Power. (Doc. #261, p. 5 n. 2.) Further, BDT was incorporated on September 19, 1996 and was merged into Thermal Engineering International, Inc. on November 28, 2001 – nearly a year before the corporation now known as Babcock Power was formed. (See Doc. #261, pp. 6, 19.) Thus, Babcock Power and BDT did not exist at the same time. Plaintiffs have failed to produce evidence that BDT was either a wholly owned subsidiary of Babcock Power or a trade name for Babcock Power.

Additionally, even if plaintiffs' allegation that BDT is a wholly owned subsidiary of Babcock Power was true, plaintiffs have failed to point to any case law or factual evidence that would suggest that Babcock Power may be held liable for the acts or omissions of BDT. Under Florida law, a parent corporation may be held liable for its subsidiary's actions, "if it can demonstrate first, that the subsidiary was a mere instrumentality of the parent, and second, that the parent engaged in improper conduct through its organization or use of the subsidiary." SEB S.A. v.

Sunbeam Corp., 148 Fed. Appx. 774, 800 (11th Cir. 2005) (citations and quotations omitted). Plaintiffs have failed to present any evidence that BDT was a "mere instrumentality" of Babcock Power, or that Babcock Power engaged in improper conduct whether through BDT or otherwise.

Lastly, plaintiffs allege, that Defendant Babcock Power manufactures pipes, tubes, tank building and pressurized metals as evidenced by an attached liability policy. (See Doc. #258-1.) Whether or not Babcock Power was involved in the type of manufacturing in 2005 that would have been involved in the design, manufacture and construction of the cooling tower at issue is of no moment. Plaintiffs have failed to come forward with evidence to establish that Babcock Power, either directly or indirectly, prepared the structural plans and specifications and selected component parts for the stair tower at issue, which was completed in 2001.

Accordingly, it is now

**ORDERED**:

1. Defendant Babcock Power, Inc's Motion for Summary Judgment (Doc. #219) is **GRANTED**. The Clerk shall withhold the entry of judgment until the conclusion of the case.

2.  The Clerk is further **directed** to terminate defendant Babcock Power, Inc. only as a pending party, including all previously scheduled deadlines and pending motions as they pertain to this party.

**DONE AND ORDERED** at Fort Myers, Florida, this ___30th___ day of August, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record